IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:01-cr-075 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order for Supplemental Briefing |
| Gerald A. Hayes, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on the *pro se* Motion for Court to Intervene and Take Judicial Notice filed by Defendant Gerald A. Hayes, a former federal inmate now incarcerated on other charges in the State of Texas. (Doc. 52.) Hayes asserts the Government[1] wrongly seized $1,800 in COVID-19 stimulus payments to which he was entitled to "offset" the restitution he was ordered to pay in this case. He requests the Court to order the Government to return his stimulus payments. The Government filed its Response in Opposition on November 3, 2022. (Doc. 57.) It confirms that it used the administrative Treasury Offset Program ("TOP"), 31 U.S.C. § 3716, to offset $1,781.20 that Hayes qualified for under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and under the Consolidated Appropriations Act of 2021. (*Id.* at PageID 34.)

The Government cites to *United States v. Siegfried*, No. 13-CR-00254-PAB, 2022 WL 3655343, at *1 (D. Colo. Aug. 25, 2022), for the general proposition that TOP can be used to offset payments from the federal government and apply them to debts owed to the United States. (*Id.*) However, it does not address the discussion in that same case that the CARES Act prohibited a stimulus credit or refund to be subject to an offset pursuant to § 3716. *Id.* at *1, 2

---

[1] He states that the "U.S. Prosecutor's office" seized his stimulus payments.

(citing CARES Act, Pub. L. No. 116-136, § 2201(d), 134 Stat. 281, 338–339); *see also Armstead v. Wash. State Dep't of Enterprise Servs.*, No. 3:21-cv-05557-JLR-JRC, 2022 WL 837534, at *5 (W.D. Wash. Mar. 3, 2022), *report and recommendation adopted by*, 2022 WL 838447 (W.D. Wash. Mar. 21, 2022); *but see Lamar v. Hutchinson*, No. 4:21-CV-00347, 2021 WL 4047158, at *5 n. 41 (E.D. Ark. Sept. 3, 2021).[2]

Moreover, an exhibit filed by the Government suggests that Hayes did not receive the timely notice of the offset required by 31 U.S.C. § 3716(a).  An undated form sent to Hayes from the Department of the Treasury indicated that the payment "was offset" and that notice was not provided earlier "[d]ue to a mail processing failure."  (Doc. 57-3 at PageID 46.)  The Government does not address the appropriate remedy, if any, for a failure to comply with the notice provisions.

The Court directs the Government to file a supplemental brief addressing these issues no later than January 6, 2023.  Hayes may file a reply brief no later than February 17, 2023.

**IT IS SO ORDERED.**

BY THE COURT:

Susan J. Dlott
Susan J. Dlott
United States District Judge

---

[2] The Court also reviewed the cases provided by Government upholding the right of the Government to seize stimulus money deposited in federal inmate trust account in payment for restitution obligations under 18 U.S.C. § 3664, but those cases did not involve administrative offsets under 31 U.S.C. § 3716.