IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:01-cr-075 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion |
| Gerald A. Hayes, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on the *pro se* Motion for Court to Intervene and Take Judicial Notice filed by Defendant Gerald A. Hayes. (Doc. 52.) Hayes subsequently filed two additional Motions seeking the same relief, but he raised no new arguments therein. (Docs. 55, 56.) Finally, he filed a Motion for Legal Clarification of the Order the Court issued in March 2015. (Doc. 63.) Hayes, a former federal prisoner now incarcerated on other charges in the State of Texas, filed the pending motions after the Government seized approximately $1,800 in COVID-19 stimulus payments payable to him to "offset" the restitution he owes in this federal criminal case. He requests the Court to issue an order that his stimulus payments be returned. For the reasons that follow, Hayes's Motions will be **DENIED**.

I.    PROCEDURAL POSTURE

On November 15, 2001, Hayes pleaded guilty to one count of bank fraud in violation of 18 U.S.C. § 1344. (Doc. 17.) On April 24, 2002, the Court sentenced him to term of imprisonment of twenty-six months followed by a term of supervised release of four years, issued a $100 assessment, and ordered that he pay restitution in the amount of $31,800 to the victim of his crime, Provident Bank. (Doc. 28 at 2–4.) The Court ordered that payment was to

1

"begin immediately." (*Id.* at 5.) Subsequently, the Court issued an Amended Judgment on June 11, 2003 reducing his term of imprisonment to twenty months but reasserting the restitution provision. (Doc. 44 at 2, 4.)

Hayes was released from federal prison on November 13, 2003. *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last viewed 2/21/2023). The Court issued an arrest warrant for Hayes in 2004 for violating the terms of his supervised release. (Doc. 50.) However, the Court issued an Order on March 12, 2015 rescinding the arrest warrant because Hayes had been convicted of robbery with a habitual felon specification and sentenced to life imprisonment in the State of Texas. (Doc. 51.) The Court did not amend or address the restitution provision of his prior federal sentence in that Order.

Hayes has not paid the restitution he owes. Records indicate that $1,781.20 was collected from Hayes on April 23, 2021. (Doc. 57-2 at PageID 45.) The Government has confirmed that it utilized the Treasury Offset Program ("TOP") to offset $1,781.20 in stimulus payments under Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") and the Consolidated Appropriations Act of 2021 ("CAA") for which Hayes qualified. (Doc. 57-3 at PageID 46; Doc. 57-4 at PageID 50–51.)[1] Of that offset, $100 was applied to the special assessment amount he owes and $1,681.20 to the victim restitution amount he owes. (Doc. 57-2 at PageID 45.)

On September 7, 2022, the Court received and filed Hayes's *pro se* Motion for Court to Intervene and Take Judicial Notice and three subsequent Motions. (Doc. 52, 55, 56, 63.) Hayes requests the Court to Order the Justice Department to return the stimulus payments. The Government responds that it was entitled to offset the payments.

---

[1] The CARES Act provided a tax credit for eligible individuals in the form of an advance refund or credit on 2020 income taxes in the amount of $1,200.00. 26 U.S.C. § 6428(a), (f). The CAA provided a similar tax credit in the form of an advance refund or credit for 2020 in the amount of $600.00. 26 U.S.C. § 6428A(a), (f).

## II. LAW AND ANALYSIS

The issue before the Court is whether the Government had the right to offset COVID-19 stimulus payments otherwise payable to Hayes and apply them to his outstanding restitution obligation. As stated before, the Court ordered Hayes to pay restitution in the amount of $31,800 to the victim of the bank fraud, Provident Bank. (Doc. 44 at 4.) "As a matter of law, a restitution sentence creates a lien by the United States against all of a defendant's 'property and rights to property.'" *United States v. Debolt*, No. 3:13-CR-00134-JGC-2, 2021 WL 3783611, at *1 (N.D. Ohio Aug. 23, 2021) (quoting 18 U.S.C. § 3613(a), (f).)[2] The Government can enforce an order of restitution "by all . . . available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(ii). Further, "[i]f a person obligated to provide restitution . . . receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n).

Federal courts have concluded that the Government is entitled to seize COVID-19 stimulus payments deposited in a federal inmate's trust account to apply against the inmate's restitution owed. *See, e.g.*, *United States v. Toole*, No. 21-10651, 2022 WL 503736, at *1-2 (11th Cir. Feb. 18, 2022); *United States v. Brown*, 4:20-CR-40028, 2022 WL 1224939, at *2 (D.S.D. Apr. 26, 2022); *United States v. Smith*, No. 4:10-cr-136, 2021 WL 5760545, at *1 (N.D. Ohio Dec. 3, 2021); *United States v. Debolt*, No. 3:13-cr-00134-JGC-2, 2021 WL 3783611, at *1–2 (N.D. Ohio Aug. 23, 2021).

Hayes's situation is different, however, in that he was not a federal inmate, and his funds were not seized from his federal inmate trust account. Instead, the Government acknowledges

---

[2] A lien under § 3613 continues for a period of twenty years after the entry of judgment or after the release from imprisonment. 18 U.S.C. § 3613(b), (c).

that it offset his stimulus payments through the TOP. (Doc. 57 at PageID 34.) Under the TOP, "Congress has subjected to offset all funds payable by the United States, [31 U.S.C.] § 3701(a)(1), to an individual who owes certain delinquent federal debts, see § 3701(b), unless, as relevant here, payment is exempted by statute, see [31 U.S.C.] § 3716(e)(2)." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010) (internal quotation marks omitted). "The TOP offsets payments from the federal government (such as tax returns, social security income, etc.) and applies them to debts owed to the United States and recorded in the program." *United States v. Siegfried*, No. 13-CR-00254-PAB, 2022 WL 3655343, at *1 (D. Colo. Aug. 25, 2022) (internal quotation and citation omitted).

The CARES Act, but not the CAA, originally prohibited the Government from offsetting stimulus payment pursuant to 31 U.S.C. § 3716. *See id.* at *2 (citing CARES Act, Pub. L. No. 116-136, § 2201(d), 134 Stat. 281, 338–339); *see also Armstead v. Wash. State Dep't of Enter. Servs.*, No. 3:21-cv-05557-JLR-JRC, 2022 WL 837534, at *5 (W.D. Wash. Mar. 3, 2022), *report and recommendation adopted by*, 2022 WL 838447 (W.D. Wash. Mar. 21, 2022).[3] That provision was changed effective December 31, 2020, and it no longer protects CARES Act payments from offset after that date. *See Lamar v. Hutchinson*, No. 4:21-CV-00529, 2021 WL 4047158, at *5 n. 41 (E.D. Ark. Sept. 3, 2021) (citing CAA, Pub. L. No. 116-260, § 273(b), 134 Stat. 1182, 1978 (2020)). The Government did not offset the stimulus payments payable to Hayes through the TOP until April 23, 2021. (Doc. 57-2 at PageID 45.) Hayes has not identified

---

[3] The CARES Act originally contained the following provision:

> (d) EXCEPTION FROM REDUCTION OR OFFSET.—Any credit or refund allowed or made to any individual by reason of section 6428 of the Internal Revenue Code of 1986 (as added by this section) or by reason of subsection (c) of this section shall not be—
> (1) subject to reduction or offset pursuant to section 3716 or 3720A of title 31, United States Code, . . .

CARES ACT, Pub. L. No. 116-136, March 27, 2020, 134 Stat 281, 338–339.

4

and the Court is not aware of any authority instructing that the Government lacked authority to offset the COVID-19 stimulus payments through the TOP and apply it to the restitution Hayes owed.

Hayes also asserts that the offset was improper because he did not receive prior notice. (Doc. 52 at PageID 10.) Section 3716 permits an administrative offset only after giving the debtor written notice. 31 U.S.C. § 3716(a). "[N]otice of offset is provided to give the debtor an opportunity to provide evidence that the debt referred is not past due or legally enforceable." *United States v. Turpin*, No. 117CR00143MRWCM1, 2022 WL 586781, at *3 (W.D.N.C. Feb. 25, 2022). In this case, the Department of Justice sent written notice to Hayes dated May 11, 2011 of its intention to offset the restitution debt in the amount of $31,732 through the TOP. (Doc. 60-1 at PageID 66.) The notice letter stated that it was the only notice that Hayes would receive. (*Id.* at PageID 67.) The Government's decision to offset the stimulus payments was not improper on this basis.

Finally, Hayes seems to suggest that the Government was not entitled to collect restitution because in March 2015 the Court dismissed an arrest warrant for Hayes issued for an alleged supervised release violation. The Court dismissed the arrest warrant after learning that Hayes had been sentenced to life imprisonment in the State of Texas. (Doc. 51 at PageID 7.) The Court did not address or change the restitution owed by Hayes in that Order. The arrest warrant and the restitution owed issues simply are unrelated.

### III. CONCLUSION

For the foregoing reasons, Hayes's *pro se* Motion for Court to Intervene and Take Judicial Notice is **DENIED**.  (Doc. 52.)  The supplemental Motions filed by Hayes on this matter are likewise **DENIED**.  (Docs. 55, 56, 63.)

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge