IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| | : | Case No. 1:01-cr-075 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order |
| Gerald A. Hayes, | : | |
| | : | |
| Defendant. | : | |

On February 22, 2023, this Court issued an Order (Doc. 64) denying Defendant Gerald A. Hayes's *pro se* Motions (Docs. 52, 55, 56). Hayes, a former federal prisoner now incarcerated on other charges in the State of Texas, had asked the Court to order the Government to return $1,800 in COVID-19 stimulus payments that the Government seized to "offset" the restitution he owes in this federal criminal case. The Court denied the Motions finding that the Government had the right to offset the stimulus payments pursuant to the Treasury Offset Program.

Subsequently, Hayes has filed a Judicial Notice to the Court, an untimely Reply in support of the previous Motions, and a Motion for Reconsideration and to Amend Order. (Docs. 65, 66, 67.)[1] Hayes argues in these three filings that the Court erred in issuing the February 22, 2023 Order denying his Motions. In particular, Hayes asserts that the Court should have considered his Reply brief, which he asserts that he mailed in timely fashion on February 16, 2023, before issuing the Order. To obviate any concerns, the Court now has considered the arguments made by Hayes in the briefs filed after the Order was issued.

Most of the arguments Hayes makes in the latest filings are duplicative of arguments he made in earlier filings. The Court need not address those arguments again. The Court will

---

[1] Hayes also filed a Notice of Appeal (Doc. 68) which does not require a response from this Court.

address Hayes's argument that he did not receive the Notice of Intent to Offset dated 05/11/2011 mailed by the Department of Justice to Hayes at an address in Denver, Colorado. (Doc. 60-1 at PageID 66.)

Hayes asserts that he did not receive that Notice of Intent to Offset because he already was in prison in Texas at that time. In the circumstances of this case, the Court will not penalize the Government for mailing the Notice of Intent to Offset to the wrong address. The Denver, Colorado address to which the Notice of Intent to Offset was mailed was Hayes's address at the time of his sentencing. (Amended Judgment, Doc. 44 at 1.) Hayes had the duty under the terms of his supervised release to inform his probation officer "prior to any change in residence or employment." (Amended Judgment, Doc. 44 at 3.) The Court issued a Warrant for Arrest for Hayes in 2004 in part because Hayes had failed to report his change of address to his probation officer. (Doc. 49 at PageID 3; Doc. 50.) There is no indication in the record that the Government knew that Hayes was in prison in Texas prior to December 9, 2011 when the United States Marshal for the Southern District of Texas issued a Detainer to the Texas Department of Criminal Justice. (Doc. 66-1 at PageID 127.) The Court will not Order the Government to return the stimulus funds because Hayes failed to report his change of address as required. Moreover, Hayes cannot make a credible argument that he was not aware of his duty under the Amended Judgment to pay restitution nor of his failure to have paid the restitution ordered.

For these reasons, the Court will not amend the February 22, 2023 Order.

                            BY THE COURT:

                            S/Susan J. Dlott
                            Susan J. Dlott
                            United States District Judge